5:10-0095

Woltz v. Scarantino, et. al.



January 24, 2010

Honorable Irene C. Berger
U.S. District Court-Southern West Virginia
P.O. Box 2546
Charleston, WV 25329

Dear Judge Berger:

                    Re: Habeas Corpus petitions
                          and 28 USCS §1657(a)

    I have had the privilege of assisting some very decent men here at the Beckley Prison Camp over the past 23 months, who were unconstitutionally or wrongfully convicted. It was my intent to have each person approach your honorable court individually, but due to recent lawsuits and legal actions here against the institution, warden and camp administrator, we are being denied access to copy cards and supplies necessary to do legal work (as you can see by the attached), so we are having to group our efforts.

    Without intending to cast aspersions at your honorable court's predecessor(s), we have simply been denied due process of law, quite outside of law. Habeas corpus petitions languish for months and years without being addressed, and persons due justice long ago, are completing their wrongfully imposed sentences, in full, without response.

    Title 28, Priority of civil actions, is unambiguous:

    "Notwithstanding any other provision of law, each court of the United States shall determine the order in which civil actions are heard and determined, <u>except that the court shall expedite the consideration of any action brought under chapter 153 [28 USCS §§2241 et seq.]</u> or section 1826 of this title, any action for temporary or preliminary injuctive relief, or any other action of good cause is shown therefor."
    28 USCS §1657(a)

    Your court, and those of us who so desperately depend on it, are blessed with the most efficient and proficient clerks in the Fourth Circuit (Hon. Teresa L. Deppner in Charleston, and Ms. Amy Breeden in Beckley), but they must abide by the priorities set by the courts they serve, which have, unfortu-

nately, not always been the same as required by law.

Recently, I had a discussion with a retired federal magistrate judge from Roanoke, VA, who served on the federal bench for many years, and is a friend. He was completely unaware of this statute which had <u>required</u> him to give §2255 and §2241 petitions absolute priority ahead of all else. He confirmed my worst of fears that, in fact, these matters were always relegated to last priority, as his court was unfamiliar with this statute and its <u>mandatory</u> nature. More unsettling was his confidential confession that federal courts had tended to "overlook" such statutory mandates, as the federal prosecutors took ever more control over the courts, and more of their former ranks peopled its benches.

This brought home the startling realization that perhaps other officers of the court, both seasoned and new, might also be unaware of this requirement of law, and it may be of service to bring it to their attention. It would then be impossible for any to claim it was unknown, and doubly serve as a tool of defense against prosecutors of the bench who tend to "overlook" such mandatory protections of the wrongfully convicted, and might object to a new court attempting to follow the law, when court habit had caused it to be ignored, outside of law.

A list of the filings I have made, or in which I have had the privilege of assisting, (that fall under the mandates of 28 USCS §1657(a)), is attached for reference. Two of these fine men in particular are within days or weeks of completion of wrongfully imposed sentences in clear violation of law and constitution (<u>Robinson</u> and <u>Williams</u>). Others have waited for years for justice, which has not been forthcoming to date, perhaps because the courts were unaware that they were violating law themselves by not addressing their petitions as a priority.

Any assistance your honorable court could give these fine men would be greatly and deeply appreciated.

Sincerely,

*Howell W. Woltz*

Howell W. Woltz, TEP

## PETITIONS AND ACTIONS FALLING UNDER 28 USCS §1657(a)

## SOUTHERN DISTRICT-WEST VIRGINIA

| | Petitioner or Movant | Case No. | Date Filed | |
|---|---|---|---|---|
| 1. | Carl Antonio Robinson | 5:09-cv-06 | Jan. 13, 2009 | * |
| 2. | Larry Clyburn | 5:09-cv-155 | Feb. 20, 2009 | |
| 3. | Howell Way Woltz | 5:09-cv-209 | Mar. 09, 2009 | |
| | | Motion for Dec. Jdgmnt. | Oct. 28, 2009 | |
| 4. | Chester Ray Williams | 5:09-cv-1055 | Oct. 14, 2009 | * |
| 5. | Steven Todd Ashworth | 5:09-cv-1106 | Oct. 09, 2009 | |
| 6. | Howell Way Woltz | 5:09-cv-1177 Motion for Inter. Rlf. and Injunction | Nov. 19, 2009 | |
| 7. | Dr. Glen Allen McClung | 5:09-cv-1548 | Dec. 28, 2009 | |
| 8. | Daniel Joseph Boone | 5:09-cv- | (Just filed) | |
| 9. | Nora Lester | | | ** |

FILED
JAN 29 2010
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

\* Sentence very near completion, without response or action

\*\* Filing was also prepared for Ms. Nora Lester at Alderson Prison Camp for Women in early 2009, but information was taken from me when I was shipped on a writ of no known purpose, April- late August. Files were seized by U.S. Marshals and never returned.

BP-S148.055   INMATE REQUEST TO STAFF   CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) MR. CLIFTON | DATE: JAN. 4, 2010 |
|---|---|
| FROM: HOWELL WOLTZ | REGISTER NO.: 20758-058 |
| WORK ASSIGNMENT: CWS | UNIT: EVERGREEN |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

COMMISSARY HAS BEEN OUT OF TYPEWRITER RIBBONS FOR 3 WEEKS, MAKING LEGAL WORK AN IMPOSSIBILITY.

CAN YOU PLEASE GET THEM TO THE CAMP THIS WEEK AND ALLOW US TO GET THEM AT A SPECIAL TIME?

THANK YOU.
H. WOLTZ

(Do not write below this line)

DISPOSITION:

No response as of January 24, 2010

Signature Staff Member                          Date

Record Copy - File; Copy - Inmate               This form replaces BP-148.070 dated Oct 86
(This form may be replicated via WP)            and BP-S148.070 APR 94

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) T. SCARANTINO, CAMP ADMINISTRATOR | DATE: JAN 12, 2010 |
|---|---|
| FROM: HOWELL WOLTZ | REGISTER NO.: 20758-058 |
| WORK ASSIGNMENT: CWS | UNIT: EVERGREEN |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

COMMISSARY HAS BEEN OUT OF COPY CARDS WHEN I SHOP, FOR FOUR WEEKS NOW. TYPEWRITER RIBBONS WERE OUT FOR THREE WEEKS.

IT IS IMPOSSIBLE TO MAKE TIMELY COURT RESPONSES WHEN SUPPLIES ARE NOT AVAILABLE. YOUR ASSISTANCE IN SEEING THAT COMMISSARY IS REQUIRED TO CARRY THESE SUPPLIES AT ALL TIMES WOULD BE APPRECIATED. REQUESTS/ COMPLAINTS TO STAFF HAVE BEEN IGNORED.

THANK YOU, AND PLEASE RESPOND.

H. WOLTZ

(Do not write below this line)

DISPOSITION:

Mr. Clifton in Commissary has been notified. He will get these items in as soon as possible.

Received at 2:50 PM January 15, too late for Commissary or cure.

Signature Staff Member    T. Scarantino    Date 1/15/10

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

BP-S148.055 INMATE REQUEST TO STAFF CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) | DATE: |
|---|---|
| Thomas Scarantino/Camp Administrator | January 22, 2010 |
| FROM: | REGISTER NO.: |
| Howell W. Woltz | 20758-058 |
| WORK ASSIGNMENT: | UNIT: |
| CWS | Evergreen |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

Five weeks have now drifted by without my being able to purchase copy cards on commissary. Per the Office of the Trustee, your camp is the only Bureau of Prisons facility in the nation where access to computers has been denied the citizens therein, rendering management's failure or refusal to make such supplies available, a de facto denial of access to court. Please provide an affidavit verifying that 1) ribbons for manual typewriters have not been in regular supply for some time now, and 2) copy cards have not been available for approximately six weeks; so extensions may be sought by those of us filing timely motions and responses, which require multiple copies, which we are unable to provide.

Thank you,

H. Woltz

(Do not write below this line)

DISPOSITION:


| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate          This form replaces BP-148.070 dated Oct 86
(This form may be replicated via WP)       and BP-S148.070 APR 94

