**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

HOWELL W. WOLTZ,

                Plaintiff,

v.                                              CIVIL ACTION NO. 5:10-cv-00095

THOMAS SCARANTINO
and MR. CLIFTON,

                Defendants.

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART PROPOSED
FINDINGS AND RECOMMENDATION**

On this date, the above-referenced matter came before this Court for consideration of Plaintiff's Objections to the Magistrate Judge's Proposed Findings and Recommendation (Document No. 39). By Standing Order entered on January 29, 2010 (Document No. 2), this action was referred to United States Magistrate Judge R. Clarke VanDervort for total pretrial management and submission of proposed findings of fact and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate has reviewed the instant matter, pursuant to 28 U.S.C. § 1915A, and on January 31, 2011, recommended that this matter be dismissed for Plaintiff's failure to state a claim upon which relief can be granted and that Plaintiff's Motion for Order and Interlocutory Relief (Document No. 12) and his Petition for Temporary Restraining Order and Preliminary Injunction (Document No. 18) be denied. (Proposed Findings and Recommendation ("PF&R") (Document No. 36) at 17.) On February 10, 2011, Plaintiff filed timely objections to the Magistrate Judge's PF&R (Document No. 39). For the reasons that follow, this Court **finds** Plaintiff's asserted Objections are without merit and **ADOPTS IN PART** the PF&R.

I.

Magistrate Judge VanDervort's PF&R sets forth in detail the relevant allegations and facts involved in this case, and the Court incorporates by reference those facts. For context of the rulings herein, the Court provides the following summary: On January 24, 2010, Plaintiff Howell W. Woltz, a federal prisoner incarcerated at the Federal Correctional Institution in Beaver, West Virginia ("FCI Beckley"), forwarded a letter to this Court with respect to his concern that various habeas corpus petitions, on which he assisted, had not been considered by the court in a timely manner. Attached to his letter were three "Inmate Request to Staff" forms regarding his complaint that the prison commissary had not been supplied with typewriter ribbons and copy cards–supplies he maintained he needed to make timely court responses. These requests were addressed to Mr. Clifford, Commissary Staff and Mr. Scarantino, Camp Administrator for the prison camp located at FCI Beckley. On January 29, 2010, the Clerk of Court docketed this letter as a "Letter Form Complaint" and forwarded to Plaintiff a Prisoner Civil Rights Complaint packet. (Document No. 3). The Clerk included a letter with this packet acknowledging the receipt of Plaintiff's letter, its filing of that letter as a complaint and the newly issued case number.[1]

Thereafter on February 16, 2010, Plaintiff filed his complaint on the Court's standard complaint form in which he stated various allegations of constitutional violations. In sum, Plaintiff claimed that he was being denied access to the courts through the inaccessibility of the administrative remedy process at his prison camp, retaliation for attempting to initiate the process, the illegal opening and reading of incoming and outgoing legal mail, restrictions on the number of

---

[1] The Clerk advised Plaintiff that his letter was not in the proper form for a complaint and directed him to complete the form complaint enclosed in the packet within 30 days. (*Id.*) Further, the Clerk listed the only two individuals referenced in the "Inmate Request to Staff" forms as defendants. (*Id.*)

2

photocopy cards and stamps which could be purchased, the prison's temporary failure to supply the commissary with typewriter ribbon, and the sufficiency of the law library. Plaintiff, on five separate instances, sought to amend his complaint to add additional defendants and include additional allegations of the claims previously mentioned.[2] Those amendments culminated in the filing of Plaintiff's "First Amended Complaint" on August 17, 2010, in which he expounded on the allegations made in his previous complaints and reasserted the claims referenced above. Prior to the issuance of the PF&R, Plaintiff also filed a Motion for Order and Interlocutory Relief (Document No. 12) (requesting court "[m]ove forward with service of complaint on defendants at the court's earliest convenience" and an order directing Defendants Scarantino and Clifton to maintain constant supplies (i.e. typewriter ribbons) necessary for access to courts) and Petition for Temporary Restraining Order and Preliminary Injunction (Document No. 18) (seeking injunctive relief of the opening and reviewing of legal mail, restrictions on the purchase of stamps, copy cards and envelopes and allegations that prisoners were forced to participate in the TRULINCS (Trust Fund Limited Inmate Communication System) program). Upon consideration of these matters, the Magistrate Judge issued his PF&R to which Plaintiff now objects.

II.

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or

---

[2] On January 31, 2011, Magistrate Judge VanDervort granted Plaintiff's various motions to amend his complaint. (Order (Document No. 39)). However, the Magistrate Judge denied Plaintiff's last Motion to Join Defendants and Serve Summonses filed October 28, 2010, finding that the motion was duplicative of his previous motions and that the issuance of summonses was not warranted due to his findings in the PF&R. (*Id*.) The PF&R contains a listing of each defendant listed in this matter.

legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF & R de novo, the Court will consider the fact that Petitioner is acting pro se, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

## III.

*A. Proposed Findings and Recommendation*

In his PF&R, Magistrate Judge VanDervort considered Plaintiff's claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the judicially created damages remedy designed to vindicate violations of constitutional rights by federal actors. With respect to Plaintiff's allegations of being deprived of the administrative remedies process at the prison and its impact on his access to the courts, the Magistrate considered that inmates have no constitutional right to participate in an administrative remedy process. (PF&R at 13.) However, when that process is in place, preventing inmates from participating in it makes the process unavailable such that exhaustion becomes unnecessary. (*Id.*) Therefore, the Magistrate Judge assumed, as true, Plaintiff's assertions that Defendants made exhausting the administrative remedies process impossible by refusing to provide the appropriate administrative remedy forms, but found that Plaintiff nevertheless had access to the Courts through the filing of the Complaint. (*Id.* at 14.) The Magistrate Judge further found that Plaintiff may proceed upon his claims, if they survive

4

Section 1915A consideration, though the administrative remedy process was unavailable. Consequently, he concluded that Plaintiff's constitutional right of access to the Court was not violated. (*Id.*) Additionally, regarding Plaintiff's claim that Defendants retaliated against him for filing administrative complaints and initiating court proceedings, Magistrate Judge VanDervort found that although the allegation implicated Plaintiff's constitutional right of access to the Court, he failed to allege that these retaliatory acts actually impacted that right, given Plaintiff's past litigious conduct. The Magistrate Judge also considered that Plaintiff brought five additional civil actions in this court after the initiation of the instant case as part of his determination that Plaintiff's right of access to the Courts has not been impaired by retaliatory conduct. (*Id.*)

Upon consideration of applicable case law and Plaintiff's claims that Defendants opened, inspected and delayed the delivery of incoming and outgoing legal mail from Attorney Arthur Strickland and the Courts and made supplies for accomplishing legal work unavailable or imposed restrictions on them, Magistrate Judge VanDervort concluded that such allegations can constitute a violation of the constitutional right of access to the Courts. However, the claims must contain specific allegations of "some palpable actual injury." (*Id.* at 15.) Magistrate Judge VanDervort found that Plaintiff "failed . . . to state any facts or circumstances indicating or creating any basis for inferring that he has sustained actual injury as a consequence of the Defendants' alleged conduct. . . . [or] that he has been hindered or adversely impacted in any way in initiating Court proceedings or litigating his cases. (*Id.* at 16.) Based on these findings, the Magistrate Judge assumed all of the facts stated in Plaintiff's pleadings were true and concluded that "it is evident beyond doubt, especially in view of the number of cases which Plaintiff has initiated in this Court and the Western District of North Carolina, that Plaintiff can prove no set of facts in support of his claim [sic] that

5

he has been and is being deprived of access to the Courts which would entitle him to relief[.]" (*Id*. at 16-17; *see id.* at 1-2, n.1)

*B. Objections*

As an initial matter, this Court has reviewed *de novo* the pleadings and attached exhibits in this action. Largely for the reasons stated by the Magistrate Judge, which are not meritoriously challenged by Plaintiff, this Court adopts the Magistrate's findings and recommendation, with the exceptions noted below. Plaintiff has asserted six objections, one of which can be characterized as a general objection. (*See* Objection No. 5.) However, the Court will address each objection in turn.

Objection No. 1

Plaintiff asserts that the "doctrine of judicial estoppel is at odds with [the] Magistrate's finding[s] that facts do not support [the] claim on [the] only count addressed in [the] proposal and recommendation." (Objections at 2.) Specifically, Plaintiff argues that this Court, in the filing of his January 29, 2010 letter, has already determined that he has stated a cause of action which now precludes any contrary finding by the Magistrate Judge. Plaintiff candidly admits that his January 29, 2010 letter to this Court "was not in [sic] complaint, or the filing of one regarding a denial of access to the courts." (*Id*.) Instead, he indicates that the letter was to prompt resolution of habeas corpus petitions pending before the magistrate court. He explains that the attachments to the letter, discussing the unavailability of typewriter ribbons and copy cards in the commissary, were included as an apology and explanation for his need to group the concerns of seven petitioners in one letter. (*Id*. at 2-3.) Plaintiff argues that "the court, sua sponte, clearly recognized [the attachments] as a denial of access to the courts [claim], issued [a] case number . . . and sent the forms for the filing of this suit." (*Id*. at 2.)

6

Plaintiff's objection clearly lacks merit. There is no basis for Plaintiff to conclude that the filing of his letter and the issuance of a civil action number and complaint packet constitutes any finding by this Court that the assertions made in his letter and accompanying documents were meritorious or actionable. At best, this District's Clerk of Court docketed Plaintiff's unsolicited letter, regarding the legal matters of other inmates, out of an abundance of caution since he is a *pro se* inmate filer who could have intended the letter to be a Complaint. To be sure, the Clerk forwarded a letter to Plaintiff advising him that his letter was not in the proper form for a complaint. Plaintiff's argument that the filing of his letter serves as a determination regarding the merits of his claim or whether he has stated a claim upon which relief may be granted is disingenuous given the number of cases in which this Plaintiff has sought to litigate in this court for himself and others. Plaintiff is well aware of the mandates of 28 U.S.C. § 1915A, which requires the Court to review a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of such entity.

Additionally, Plaintiff asserts that the PF&R only addresses the issues of deprivation of access to the Courts and that the Magistrate Judge did not consider other issues raised in his pleadings. (*Id.* at 2.) Plaintiff summarized the issues in his Complaint as:

> (1) unlawful tampering with "special mail" outside of law and defendant's [sic] own policy
> (2) absence of administrative remedy for serious complaint, in violation of defendants' policy and instituted means of making "exhaustion" an impossibility, which has become a denial of access to court relief, to date
> (3) brutality and retaliation against those who attempt to employ the administrative remedy process, and
> (4) denial of access to court and law by restriction or elimination of access to law library, means and supplies.

7

(*Id*. at 32.) Contrary to Plaintiff's assertion, as noted in the discussion of the PF&R above, the Magistrate Judge addressed the claims identified herein by Plaintiff, with one exception. The Magistrate Judge did not make a specific finding regarding Plaintiff's claim that he is being denied access to the court by the restriction or elimination of access to the law library. With respect to this claim, the Court makes the following findings:

Plaintiff, in his First Amended Complaint (Document No. 29), alleges that the prison law library is "woefully deficient" in that its "out of date, but helpful reference books" were replaced in June of 2010 with a "limited computer-based, compact-disk driven reference guide to further obfuscate and deny legal remedy or complaint." (*Id.* ¶ 61.) According to Plaintiff, the "computer system is replete in unneeded areas of law" while "usable case law under areas such as 42 U.S.C. § 1983, have been rendered inaccessible." (*Id*.) Plaintiff argues that the four computer units are slow, frequently shut off or locked up and are "extraordinarily difficult to use, with ineffective means of reference or cross-reference." (*Id*. ¶ 62) Additionally, Plaintiff argues that the law library is closed to prisoners, like him, who work off the grounds, except during evening meal times." (*Id*. 61.) In support of his allegations, Plaintiff submits two Inmate Request to Staff forms dated June 21, 2010 and July 4, 2010, in which he complained of the "void" of the new computer system and requested the return of various books previously maintained in the library. (*See* Pl.'s Ex. 79a -79c (Document No. 29-1) at 67-70.) David Foley, Ind. & Education employee, responded to Plaintiff's concerns by explaining that the new computerized law library "significantly increased" the inmates' access to multiple resources and that all of the required legal materials could be found on the computer. (Pl.'s Ex. 79b - 79c.) Mr. Foley acknowledged that the Black's Law Dictionary and Prisoner's Assistance Directory were unavailable for the computer, but were maintained in paper

8

format and that the American Jurisprudence reference had been replaced by Moore's Federal Practice.

It is established beyond doubt that prisoners have a constitutional right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977).  The Supreme Court in *Bounds* held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." (*Id.* at 828.) However, nineteen years later, the Supreme Court in *Lewis v. Casey*, clarified that *Bounds* did not create a right to legal assistance, but simply acknowledged the longstanding right of access to courts. *Lewis v. Casey*, 518 U.S. 343, 350 (1996).  The Supreme Court instructed that "[b]ecause *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." (*Id.* at 351.)  The *Lewis* Court instructed that in order to assert a claim for the denial of access to the courts, an inmate "must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." (*Id.*)  When alleging denial of access to the courts, the prisoner must make specific allegations and must also identify an actual injury resulting from official conduct. *Cochran v. Morris,* 73 F.3d 1310, 1317 (4th Cir.1996); *Strickler v. Waters,* 989 F.2d 1375, 1383-84 (4th Cir.1993) (holding that to establish claim of denial of access to courts, prisoner must allege actual injury or specific harm resulting from denial).

Based upon the foregoing, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted.  Accepting Plaintiff's allegations as true, the Court has reviewed Plaintiff's

pleadings and exhibits, but finds that he fails to make specific allegations of any actual injury which resulted from the alleged shortcomings of the library. "[F]or example, [he has not shown] that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known." *Lewis* at 351. Additionally, he has not shown that his legal filings were dismissed or denied as untimely because he was not permitted to use the library because it is closed, except during meal times. Moreover, he has not asserted how he is prejudiced by the lack of information regarding 42 U.S.C. § 1983, when Moore's Federal Practice, which is available to him, includes an overview of *Bivens* actions, the federal counterpart to Section 1983 claims. Therefore, Plaintiff's claims regarding the sufficiency and accessibility of the law library are dismissed.[3]

Additionally, the Magistrate Judge found that Plaintiff failed to show any actual injury as a result of the Defendants' restriction on the number of stamps that inmates are permitted to purchase. This Court agrees. This Court has considered Plaintiff's May 12, 2010 Affidavit in which he stated that he ordered two 20 stamp books at $.44 and six $1.00 stamps for legal work from the Commissary. However, he was only given twenty $.44 stamps and no $1.00 stamps. (*See* Pl.'s Ex. D (Document No. 18) at 8.) Plaintiff stated that Officer Treadway refused to provide him with additional stamps by stating that he was only being allowed twenty (20) stamps and that the Commissary was out of $1.00 stamps. (*Id.*) Plaintiff contends that he informed the officer that he

---

[3] Plaintiff has also alleged that the prison camp is on "lockdown" and inmates have been denied access to the law library and commissary. Plaintiff argues that this "lockdown" was administered without due process of the law. Inasmuch as Plaintiff asserts that this allegation is actionable, the Court disagrees. Plaintiff does not allege that he has been placed on lockdown individually for various times of the day, but rather prison officials have required the entire prison camp to be placed on lockdown. Without more, this Court declines to find, on these allegations, a constitutional violation where it appears that temporary periods of lockdown may have been instituted in light of penological interests.

had "legal work to get out" that week, but he was not provided any additional stamps. Plaintiff acknowledges in his affidavit that according to the stamp restriction, if extra stamps are needed he is to obtain approval from his "unit team" to purchase additional stamps. Plaintiff contends that his unit team meets twice annually and is comprised of defendants in this lawsuit. What is notably absent from Plaintiff's affidavit is any indication that he asked any of his "unit team" members for additional stamps and was denied or that his "legal work" was filed untimely as a result of his lack of stamps. This Court agrees that Plaintiff has failed to demonstrate an actual injury with respect to this claim. Therefore, to the extent that Plaintiff raises this argument in any of his objections, the Court finds that this objection is overruled.

Objection No. 2 and 3[4]

For ease of consideration and context, this Court will consider Plaintiff's second and third objections in tandem. In his second objection, Plaintiff argues that the Magistrate Court is "acting as counsel for defendants . . . rais[ing] [the] affirmative defense of 'exhaustion' on their behalf though issues raised are not 'prison conditions' and exhaustion was not complete." (Objection at 5.) Plaintiff argues at length that the administrative remedy process was effectively denied when he requested, but was not provided, the appropriate remedy forms. He contends that the "available" process was exhausted. (*Id*. at 9.) Plaintiff argues, in his third objection, that the Magistrate Judge missed the purpose of his case "in its determination to maintain dismissal record and protect bad actors of government." (*Id*. at 13). Plaintiff argues that "[t]he overriding issue in the instant action

---

[4] Plaintiff makes several unfounded assertions that the Magistrate Court is serving as counsel for Defendants or proffers arguments which are affirmative defenses for the Defendants. Plaintiff offers that his "allegation that the court is acting as counsel for these defendants is no doubt inflammatory to the "screening" court, such disparity in perception of the same facts could only lead a reasonable mind to the conclusion that the puisne court is acting to defend corrupt government actors now under investigation[.]" (*Id*. at 5.) To the extent, that this baseless assertion and others are deemed proper objections, they are overruled.

is, the dearth of a working process to exhaust [administrative remedies.]" (*Id.*); *see id.* at 14 (wherein Plaintiff states that "[i]t is this instituted denial of access to a meaningful accessible grievance procedure that is at the heart of Plaintiff's main claim in the complaint. By refusing the forms and refusing to acknowledge complaint by any other means, the "available" procedure is exhausted."). Plaintiff concedes that there is no constitutional right of access to a prison's grievance procedure (*see id.* at 15), but reasserts his argument that he has a constitutional right of access to the Courts.

Exhaustion can be raised by a Court, *sua sponte*, if the failure to exhaust is apparent from the face of the complaint. *Anderson v. XYZ Corr. Health Servs.*, 407 F.3d 674, 683 (4th Cir. 2005). However, the Magistrate Judge did not invoke the "defense" of exhaustion of an administrative remedy in this case as Plaintiff contends. Rather, Plaintiff, in his pleadings, raised the argument that he was being denied access to the remedy which impacted his constitutional right of access to the courts. To now argue that the Court inappropriately considered exhaustion in this case is beyond reason. Moreover, Plaintiff's instant objections seemingly disregard the Magistrate Judge's finding that exhaustion of administrative remedies in this case "d[id] not preempt Plaintiff's claims at this juncture [of the litigation]." (PF&R at 13-14). Magistrate Judge VanDervort clearly assumed that the process was unavailable as Plaintiff alleged. Based on the foregoing, Plaintiff's objections are overruled.

Objection No. 4

Plaintiff asserts that the Magistrate Judge has ignored the "*Accardi* doctrine" in defense of "its de facto clients." Plaintiff argues that the "*Accardi* doctrine bars administrative agencies from taking action inconsistent with the internal regulations when it would affect individual rights."

(Objection at 17)[5] (quoting *United States v. Lee*, 274 F.3d 485 (8th Cir. 2001) (citation omitted.) In support of this allegation, Plaintiff discusses the "rights" afforded to Bureau of Prison ("BOP") inmates pursuant to 28 C.F.R § 541.12. Plaintiff steps through each listed right in the regulation and attempts to make an argument as to how he believes the BOP is not adhering to the regulations. While Plaintiff discusses various claims alleged in this matter (with respect to the opening of inmate legal mail, access to the law library, and the restriction placed on photocopy cards and stamps), it appears that he is attempting to raise additional claims. To the extent that Plaintiff attempts to assert new claims which were not considered by the Magistrate Judge, the Court overrules that objection.[6] Construing the balance of Plaintiff's objection liberally, the Court finds that Plaintiff also attempts to demonstrate that he has been harmed by interferences which deprived him of his constitutional right of access to the courts. Specifically, Plaintiff states:

> The 'screening' court cannot competently say that the outrageous violations outside of law and defendants' policy did not negatively affect the plaintiff or his pleadings. The case which might have been cited which swayed the court if it had been available; the pleading that might have been read by the law clerk had it been typed rather

---

[5] Plaintiff refers to the principle established in *United State ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954) in which the Supreme Court vacated a deportation order rendered by the Board of Immigration Appeals because the procedures leading to the order failed to comply with governing regulations promulgated by the Immigration and Naturalization Service. The *Accardi* doctrine, has been applied in a variety of contexts including the review of the BOP's regulation regarding forcibly medicating pretrial detainee. (*See United States v. Morgan*, 193 F.3d 252 (4th Cir. 1999)). However, given Plaintiff's inability to show an actual injury or that he suffered prejudice by the Defendants' alleged impediment to his access of courts or that he has asserted a claim upon which relief may be granted, this Court finds Plaintiff's assertion immaterial.

[6] As an illustration, Plaintiff contends the applicable regulation provides that he has a right to be informed of the rules, procedures and schedules, concerning the operation of the institution. He argues that he has "been denied every request over his last three years tenure at FPC-Beckley for an Inmate Handbook, and prisoners had to protest to get 'Program Statements' restored to computer system." (*Id*. at 18.)

> than hand-written without access to law or rule; the access to copy machine which would have allowed the plaintiff to have a record of what he filed; or the ability to look up the cases cited by the court(s) which often state the opposite of what is implied or said[.]"

(*Id*. at 21.) This Court finds that Plaintiff's assertions are insufficient to demonstrate that he has suffered an actual injury. The assertions are grounded in speculation and are not borne out by any evidentiary support. Therefore, the Court overrules the objection.

Objection No. 5

Plaintiff titles his fifth objection "Magistrate's Dismissal Scheme Violates Statute, as well as Federal Judicial Procedure and Rules, and Deprives Plaintiff of due process and equal protection." (Objection at 22.) The instant objection is a general one which can best be characterized as expressing Plaintiff's discontent with the "screening" process provided for by the Prisoner Litigation Reform Act (PLRA). Plaintiff raises a concern about the timeliness of the Magistrate Court's review and the failure of the court to serve his summonses on Defendants and to order discovery. Plaintiff also argues that due to the time which has passed, various witnesses and defendants have transferred from the prison and evidentiary documents have been destroyed. It is the duty of the district court to screen all cases brought by prisoners seeking redress from government entities, officers or employees before docketing, if feasible, or in any event, as soon as practicable after docketing. *See* 28 U.S.C. §1915A  While this Court understands Plaintiff's concern, there is no basis to find that the review of the instant case was not done "as soon as [it was] practicable after docketing." Moreover, the Court finds that Plaintiff was not prejudiced by this review as he has consistently amended his complaint and alleged that the Defendants' actions were continuous in nature.

14

Moreover, given the findings made in this case, the Court finds that Plaintiff's objection to the Court's failure to issue summonses and to schedule discovery, to the extent it is a proper objection in the context of a case properly reviewed pursuant to Section, 1915A, is overruled.[7]

Objection No. 6

In a rather general objection, Plaintiff argues that this court is required to accept a complaint's multiple allegations as true and affidavits are to be accepted as evidence absent a showing of their lack of veracity. The Court does not disagree. We are not required, however, "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citing *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001)). Plaintiff further contends that the harm he suffered for Defendants actions in this case is "explicitly and implicitly detailed" in his affidavits which are an integral part of his pleadings. However, Plaintiff does not point to any such harm in opposition to the Magistrate Judge's findings. Plaintiff requests the opportunity to amend his complaint, if this Court finds his pleadings and statements of claims deficient. A review of the docket in this case reveals that Plaintiff has been provided a generous opportunity to amend his Complaint, the majority of which was done without seeking leave of the Court. This Court finds, through the adoption of the Magistrate Judge's PF&R, that Plaintiff has failed to demonstrate an actual injury in any of the alleged violations which he indicates denied him access to the courts. Further amendment is not warranted here, particularly where Plaintiff has already amended his Complaint on at least five separate occasions during the pendency of this litigation.

---

[7] Throughout Plaintiff's objection he asserts his frustrations with this Court's referral of *pro se* prisoner litigation to a magistrate for findings and recommendation. This Court has considered this argument in a separate cased filed by this Plaintiff. (*See Woltz v. Berkebile*, Civil Action No. 5:09-cv-1177, 2010 WL 3813369, *5 (S.D. W. Va. Sept. 27, 2010)). The Court relies on its finding therein.

*IV. CONCLUSION*

Thus, based on the above findings, the Court does hereby **ORDER** that the Magistrate's Proposed Findings and Recommendation (Document No. 36) be **ADOPTED IN PART.** The Court **ORDERS** that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**, pursuant to 28 U.S.C. § 1915A, for his failure to state a claim upon which relief could be granted. Lastly, it is **FURTHER ORDERED** that Plaintiff's Motion for Order and Interlocutory Relief (Document No. 12) and his Petition for Temporary Restraining Order and Preliminary Injunction (Document No. 18) be **TERMINATED AS MOOT**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 31, 2011

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA