## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

HOWELL W. WOLTZ,

                Plaintiff,

v.                                        CIVIL ACTION NO. 5:10-cv-00095

THOMAS SCARANTINO, et al.

                Defendants.[1]

### ORDER

The above-styled matter came before the Court upon consideration of Plaintiff's *Motion for Reconsideration of Order Pursuant to Rule 59(e)* ("Pl.'s Mot.") (Document 44).[2] In said motion, Plaintiff requests "reconsideration" of the Court's March 31, 2011 Memorandum Opinion and Order adopting in part the proposed findings and recommendation of the assigned Magistrate Judge dismissing Plaintiff's *Bivens* Action. (*See* Document 36.)

In opining on the propriety of granting a motion to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice.

---

[1] The caption in this matter has been corrected to include the Defendants added in this matter through the various amendments which were permitted by Court Order (Document 37).

[2] "The Federal Rules of Civil Procedure do not provide for a postjudgment 'motion for reconsideration.' Rather, they provide for a Rule 59(e) motion to alter or amend the judgment or a Rule 60(b) motion for relief from judgment." (*Katyle v. Penn National Gaming, Inc.*, 637 F.3d 462, 471 n. 4 (4th Cir. 2011)). Plaintiff's motion is properly considered under Rule 59(e) since he filed it within twenty-eight (28) days of the entry of judgment.

*Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002)(citation omitted); *see Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 407 (4th Cir. 2010); *Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396 (4th Cir. 1998)). The circumstances under which this type of motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" *Woodrum v. Thomas Mem'l. Hosp. Found., Inc.*, 186 F.R.D. 350, 351 (S.D. W. Va. 1999)(citation omitted).

In his motion, Plaintiff urges the Court to reconsider its previous ruling to correct a clear error of law or to prevent manifest injustice (Document 44) and in light of new evidence (Document 45). The Court finds that the instant motion is largely a restatement of several arguments presented in Plaintiff's response to the Magistrate's proposed findings and recommendation. Those arguments were properly found to be without merit.[3] Plaintiff has also asserted a new argument which was not previously addressed by Plaintiff. It maintains his dissatisfaction with the Court's resolution of his general and conclusory objections.[4] The balance of his arguments center on his challenge to the Court's finding that he did not state an injury for his claims, through his pleadings and exhibits,

---

[3] To illustrate, *see* Pl.'s Mot. at 9-10 (assertion that the Court cannot now find that he has failed to state a claim upon which relief can be granted when the Court "recognized" his claims when the Court docketed his January 24, 2010 letter to the Court as a Letter Form Complaint on January 29, 2010); *id*. at 8, n.5 (challenge of the district court's independence or impartiality); *id*. at 10-11 (contention that "closing the law library was the injuria.") The Court has substantively addressed these contentions and finds that Plaintiff's assertions, in the instant motion, do not fall within the limited enumerated circumstances under which a Rule 59(e) motion may be granted. Plaintiff is not permitted in this motion to have a second bite at the apple at attempting to litigate his claims. Therefore, further consideration of these contentions is not warranted.

[4] *See* Pl.'s Mot. at 6 (Plaintiff's new contention that the Court's finding that he amended his complaint on multiple occasions is false and intended to prejudice a "reviewer"); *id*. at 10 (Plaintiff's general discontentment of and challenge to the constitutionality of 1915A). (*See Thomas v. Virginia*, 437 F.App'x 233, 234 (4th Cir. 2011) (unpublished per curiam decision) (rejecting challenge to constitutionality of Section 1915(e)(2)(B)(ii)); *Smith v. Florida Dep't of Corrections*, 318 F.App'x 728, 729-30 (11th Cir. 2008) (unpublished per curiam decision) (considering the constitutionality of various PLRA provisions, including Section 1915(e)(2)(B)(ii), which is substantially similar to Section 1915A). The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.

relating to his allegations that he suffered retaliation for attempting to exhaust his administrative remedies. In this argument, he alleges that he stated an injury with respect to the "illegal" opening of his legal mail. Upon consideration of the instant motion, the Court finds no clear error of law in its previous decision.

Although, Plaintiff posits that his motion is based on clear error of law, it is, in fact, simply a disagreement between a litigant and the Court. The Court has reviewed Plaintiff's alleged causes of action and the entirety of the record. The Court has considered Plaintiff's claims that he was retaliated against by various defendants for seeking to engage in the administrative remedy process at the prison. "In order to state a claim for retaliation, an inmate must show that the alleged retaliation had an adverse impact on the exercise of his constitutional rights." (*Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994)). "For an inmate to state a colorable claim of retaliation, the alleged retaliatory action must have been taken with regard to the exercise of some constitutionally protected right, or the retaliatory act itself must violate such a right." (*Daye v. Rubenstein*, 417 F.App'x. 317, 319 (4th Cir. 2011) (unpublished per curiam decision) (citing *Adams*, 40 F.3d at 75)). Moreover, "[i]n the prison context, we treat such claims with skepticism because '[e]very act of discipline by prison officials is by definition "retaliatory" in the sense that it responds to prisoner misconduct.'" *Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996) (en banc) (citing *Adams*, 40 F.3d at 74.) As the Magistrate Judge found, and this Court adopted, Plaintiff does not have a constitutional right to participate in an administrative remedy process and "his access to courts has not been hindered or chilled in any way."(*Daye*, 417 F.App'x. at 319; *Adams*, 40 F.3d at 75; *Alqam v. United States*, No.3:06cv100, 2008 WL 2945492, *11, n.8 (N.D. W. Va. July 24, 2008). Therefore, the Court properly found that Plaintiff failed to state a plausible claim of retaliation, and this finding was not

a clear error of law. The Court has also considered Plaintiff's claim that various defendants opened his legal mail outside of his presence. Plaintiff asserts that it is each instance of opening his legal mail that states a colorable claim. (Pl.'s Mot. at 7.) The Court has previously found otherwise and Plaintiff has not presented any meritorious argument or evidence evincing any actual harm or hindrance to his ability to litigate his civil actions.[5]

Additionally, Plaintiff contends that his motion should be granted in light of purportedly new evidence which consists of: April 14, 2011 Letter from Gene E. Morrison, of the United States Department of Justice, Office of the Inspector General, to Mr. Roland Mathis (Ex. A); April 21, 2011Affidavit of Roland Mathis asserting that his legal mail was opened outside of his presence, copied by the prison's legal department and destroyed (and an attached an email conversation between Mr. Mathis and the Warden of FPC-Beckley which began on March 25, 2011, and ended April 6, 2011, regarding the matter discussed in his Affidavit) (Ex. B); March 24, 2011 Letter to Roland Mathis from Attorney Stephanie Kearns and one page of his docket in his case (Attorney Kearns explained her recent appointment in Mr. Mathis's case and the docket sheet identifies Mr. Mathis's "Motion for Order for Immediate Injunctive Relief from Your Court to Melissa Leslie, Case Manager and Briggette Seafus, Camp Administrator to Release Court Mail and desist further tampering with such correspondence" filed on April 4, 2011) (Ex. C); December 21, 2010 Letter from Roland Mathis to Mr. James O. Delaney, Clerk United States District Court in Atlanta, Georgia (Ex. D) (explains Mr. Mathis's receipt of December 16, 2010 letter from the United States District

---

[5] This is so, notwithstanding Plaintiff's post-judgment allegation that he received a "shot" or disciplinary action for a "fan letter from a prisoner who had read his book, and was sent in illegally read legal mail from the firm handling Plaintiff's book publications." This conduct, which occurred after the dismissal of the instant action, is not proper for the Court's determination herein. (*See* New Evidence for Motion for Reconsideration filed on April 19, 2011 ("New Evid. Mem.") at 2 n.1.)

Court in Georgia and indicating that the did not receive "a copy of the court's decision . . . on October 21, 2010"). (*See* New Evidence for Motion for Reconsideration filed on April 19, 2011 ("New Evid. Mem.") (Document 45)).

A Rule 59(e) motion can only be granted if the movant has presented newly discovered evidence that was not available at the time of the trial, or in this case, at the time of the Court's decision. The Court first notes that the "new evidence" proffered by Plaintiff is not of the nature of "newly discovered evidence" to properly support a Rule 59(e) motion. Plaintiff asserts instances in which he was "openly taunt[ed]" or suffered "retaliation" by defendants and others in the weeks following the issuance of this Court's March 31, 2011 Memorandum Opinion. (*See* New Evid. Mem. at 3.) A Rule 59(e) motion cannot be used to assert new facts of "retaliation" or alleged "misconduct" that occur post-judgment. Plaintiff is attempting to allege new facts or claims in an effort to bolster claims rejected by the Court in the first instance. Respecting the documentary evidence submitted by Plaintiff, the Court has reviewed each exhibit and finds it equally unavailing. Plaintiff contends that the April 14, 2011 Letter from the United States Department of Justice is evidence of a "second investigation" into the "criminal mail tampering by the defendants and other lawless staff at FPC-Beckley" (New Evid. Mem. at 2). However, the Court finds that the body of the referenced letter belies Plaintiff's assertion. The letter clearly states that the Office of Inspector General has "determined that the Bureau of Prisons management should review your complaint" and makes no reference to any "investigation" being conducted by the Office of Inspector General.[6]

---

[6] The letter states:

> The purpose of this letter is to acknowledge receipt of your correspondence dated March 30, 2011. The staff of the Investigations Division has reviewed the issues that you raised about BOP staff opening and copying your legal mail.

(continued...)

Therefore, the Court finds that this letter does not support a basis for the Court to reconsider its previous rulings. Moreover, the Court finds that this letter mirrors the letter sent to Plaintiff on September 27, 2010, from Gene E. Morrison, which was reviewed by the Court in its consideration of Plaintiff's objection to the Magistrate Judge's PF&R (*See* Document 39-1, Ex. A-1.) Finally, the remainder of the documents concern Mr. Mathis, not Plaintiff, and his concern that his legal mail was opened outside of his presence. Plaintiff has not demonstrated the materiality or relevance of the evidence submitted which concerns another inmate, Mr. Mathis. The Court presumes that Plaintiff has offered this "new evidence" that another inmate's mail was opened to offer credence to the claims he asserted in this matter. However, the instances discussed in these exhibits, like the alleged instances of "taunting," occurred after the dismissal in this matter and are not a proper subject for a motion to alter or amend a judgment.

While Rule 59 "permits a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings. [Such] motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment[.]" *Pacific Ins. Co.*, 148 F.3d at 403 (internal quotations and citation omitted). Plaintiff's Rule 59(e)

---

[6](...continued)
　　The Office of the Inspector General (OIG) receives a high volume of complaints every day for review and handling. Because the OIG has limited staff and resources we are not able to investigate every complaint. Only those complaints involving criminally prosecutable misconduct and the most egregious administrative misconduct can be accepted for investigation. Many other issues can and should be addressed by the management levels of the involved components. We have determined that the Bureau of Prisons management should review your complaint. Therefore, your complaint has been forwarded to:

　　　　　　　　　　　BOP Office of Internal Affairs
　　　　　　　　　　　320 First St., NW Room 600
　　　　　　　　　　　Washington, DC 20534

　　Any further correspondence regarding this matter should be directed to that office.
　　I hope this answers any questions you have relative to this matter.

6

motion does not present evidence that was unavailable for this Court's consideration of his pleadings, does not stem from an intervening change in the applicable law, or demonstrate that a clear error of law has been made. *See Hill*, 277 F.3d at 708. Nor can the Court find that its failure to grant the instant motion would result in manifest injustice to Plaintiff. Given the findings herein, the Court finds that its dismissal with prejudice was warranted.

Therefore, upon consideration of the instant motion, the Court does hereby **ORDER** that Plaintiff's *Motion for Reconsideration Pursuant to Rule 59(e)* (Document 44) be **DENIED**.[7]

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

        ENTER:     March 13, 2012

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

[7] The Court has reviewed Plaintiff's letter to the Court on May 15, 2011, in which he acknowledges "an error in recent pleadings" in this case regarding when he initiated contact with this Court about "the issue of habeas corpus petitions and 28 U.S.C. § 1657(a)." (*See* Document 46.) Plaintiff asserts that the "date of the correspondence" was January 24, 2010, rather than in November. Plaintiff offers his "deepest apologies" and states his acceptance of "[a]ny sanction deemed appropriate for this error." The Court appreciates Plaintiff's acknowledgment and finds no action or "sanction" is warranted.